UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

A. NISAR AKBAR, et al.,

        Plaintiffs,

                                                                Case No. 15-cv-12688

v.

                                                               HON. MARK A. GOLDSMITH

SHAUKAT BANGASH, et al.,

        Defendants.

_____/

**OPINION & ORDER
DENYING PLAINTIFFS' MOTION TO ENFORCE SETTLEMENT OR, IN THE
ALTERNATIVE, FOR SANCTIONS (Dkt. 84) AND DENYING DEFENDANTS'
MOTION TO STRIKE AND FOR SANCTIONS (Dkt. 87)**

This matter is before the Court on Plaintiffs' motion to enforce a settlement agreement or, in the alternative, for sanctions (Dkt. 84), as well as Defendants' motion to strike Plaintiffs' motion and for sanctions (Dkt. 87). Because oral argument will not aid the decisional process, the Court will decide the motions based on the parties' briefing. See E.D. Mich. LR 7.1(f)(2). For the reasons stated below, the Court denies both motions.

## I. BACKGROUND

Eleven Plaintiffs brought suit on July 31, 2015, claiming that they were offered and sold fake securities in the form of investment contracts and shares in Defendant Quaid-e-Azam International Hospital, which is located in Islamabad, Pakistan, through Global Health Services Limited ("GHS"), a limited company headquartered in Pakistan. Am. Compl. ¶¶ 1, 70 (Dkt. 10). After the Court denied Defendants Shaukat Bangash (the chief executive officer of GHS) and GHS's motion to dismiss, see Akbar v. Bangash, No. 15-cv-12688, 2016 WL 4060930, at *13 (E.D. Mich. July 29, 2016), the parties appeared to have reached a settlement, and an order

1

dismissing the case with prejudice was issued on September 7, 2016, subject to reopening within 30 days if the settlement was not consummated. 9/7/2016 Order of Dismissal (Dkt. 66). Plaintiffs filed a motion to reopen the case on October 13, 2016, see Pls. Mot. to Reopen (Dkt. 69), which the Court granted, see 11/15/2016 Order to Reopen (Dkt. 74).

In addition to reopening the case, the Court also referred this matter to the magistrate judge to conduct another settlement conference with the parties. See 11/15/2016 Referral Order (Dkt. 75). The settlement conference was held on February 22, 2017, after which the magistrate judge noted that the parties were unable to reach a settlement agreement. See 2/22/2017 Docket Minute Entry.

## II. ANALYSIS

### A. Plaintiffs' Motion to Enforce Settlement or for Sanctions

In their motion, Plaintiffs first contend that the parties reached an agreement on all material terms of the settlement during the February 22 conference with the magistrate judge, despite the fact that Bangash allegedly attempted to modify one of the terms near the end of the conference. See Pls. Br. at 1, 3-4. Although the parties did not reduce the initial agreement into a signed writing, Plaintiffs request that the Court exercise its inherent authority to enforce the terms of that agreement. Id. at 5-6.

The Court agrees with Plaintiffs that it possesses the inherent authority to enforce a settlement agreement when the parties have agreed on all material terms, even if the agreement has yet to be memorialized in writing. Therma-Scan, Inc. v. Thermoscan, Inc., 217 F.3d 414, 419 (6th Cir. 2000) ("This circuit has long recognized the broad, inherent authority and equitable power of a district court to enforce an agreement in settlement of litigation pending before it. Moreover, a federal court possesses this power even if that agreement has not been reduced to

writing."); see also RE/MAX Int'l, Inc. v. Realty One, Inc., 271 F.3d 633, 646 (6th Cir. 2001) ("The existence of a valid agreement is not diminished by the fact that the parties have yet to memorialize the agreement. When parties have agreed on the essential terms of a settlement, and all that remains is to memorialize the agreement in writing, the parties are bound by the terms of the oral agreement."). However, as Defendants correctly point out in their response brief, see Defs. Br. at 13-19, Plaintiffs have not provided this Court with any objective evidence to suggest that the parties actually reached an agreement on a settlement.

Before it can enforce a settlement agreement, the Court must first "conclude that agreement has been reached on all material terms." Therma-Scan, 217 F.3d at 419. "Whether the parties actually reached an agreement is a question of fact for the district court," Moore v. U.S. Postal Serv., 369 F. App'x 712, 717 (6th Cir. 2010), which is governed by state contract law, Cuyahoga Valley Ry. Co. v. U.S. Bank Trust Nat'l Ass'n, 515 F. App'x 494, 498 (6th Cir. 2013) ("Because settlement agreements are a type of contract, the formation and enforceability of a purported settlement agreement are governed by state contract law.").

Under Michigan law, a "contract is formed upon offer and acceptance and a mutual assent or meeting of the minds on all essential terms." Masco Cabinetry Middlefield, LLC v. Cefla N.A., Inc., 637 F. App'x 192, 197 (6th Cir. 2015). Determining whether there was mutual assent between the parties "is judged by an objective standard, looking to the express words of the parties and their visible acts, not their subjective states of mind," Tillman v. Macy's Inc., 735 F.3d 453, 459 (6th Cir. 2013), which requires the consideration of the "relevant circumstances surrounding the transaction, including all writings, oral statement, and other conduct by which the parties manifested their intent," Innotext, Inc. v. Petra'Lex USA Inc., 694 F.3d 581, 589 (6th Cir. 2012); see also Huntington Nat'l Bank v. Daniel J. Aronoff Living Trust, 853 N.W.2d 481,

488 (Mich. Ct. App. 2014) ("Courts judge whether there was a meeting of the minds from objective evidence.").

Plaintiffs have not provided any evidence of objective manifestations from which this Court can ascertain the parties' mutual assent. In fact, the only evidence presented to the Court shows that there was no mutual assent between the parties on all material terms, including those terms proposed by Plaintiffs. See Bangash Decl. ¶¶ 5, 7-8 (Dkt. 86-3); Dolley Aff. ¶¶ 2-7 (Dkt. 86-6); see also Marked-Up Agreement (Dkt. 86-5). Having opted to not file a reply brief, Plaintiffs neither rebut Defendants' arguments or evidence, nor do they attempt to provide objective evidence that there was a meeting of the minds between the parties on all material terms.

Given the complete absence of any evidence of the parties' mutual assent on all material terms, the Court declines to enforce the purported settlement agreement. See Therma-Scan, 217 F.3d at 420 (holding that the district court abused its discretion in enforcing the settlement agreement where there was "simply no objective manifestation of a 'meeting of the minds' on [a] material term of the settlement"); Gonzalez Prod. Sys., Inc. v. Martinrea Int'l Inc., No. 13-cv-11544, 2014 WL 6455592, at *11 (E.D. Mich. Nov. 17, 2014) (granting the plaintiff's motion to dismiss the defendant's counterclaim that a settlement agreement was reached "because there is no written settlement agreement, and the Court has not been provided with evidence that there was mutual assent to material terms of a settlement agreement"); cf. Remark, LLC v. Adell Broad. Corp., 702 F.3d 280, 283 (6th Cir. 2012) ("[T]he emails conveyed an objective meeting of the minds as to each of the material terms [of the settlement agreement], and as such they meet all requirements of an enforceable contract under Michigan law."); Moore, 369 F. App'x at 717 (noting that there was evidentiary support "for the district court's conclusion that an

agreement had indeed been reached by the parties," given the "magistrate judge's familiarity with the negotiations and the representations of counsel for the litigants," as well as the admission in "Moore's own declaration accompanying her 2008 motion to reopen the case . . . that her then-attorney 'settled the case'").

Plaintiffs argue that, if the settlement agreement is not enforced, Defendants should be sanctioned under Federal Rule of Civil Procedure 16 for not participating in the settlement conference in good faith. See Pls. Br. at 7-10.[1] According to Plaintiffs, Bangash's conduct near the end of the conference, including his "backtracking and refusal to follow through on commitments he had made during the course of the day," demonstrates that he had "no intention of actually negotiating a settlement in good faith." Id. at 10.

In their response, Defendants point out that Plaintiffs did not provide any evidence "of sanctionable conduct or bad faith on the part of Defendants." Defs. Resp. at 19. Again, the Court agrees with Defendants.

The undisputed record evidence shows that Bangash traveled from Pakistan to Michigan for two of the four settlement conferences, which were held on September 2, 2016, and February 22, 2017, respectively. The nearly 80 hours and 28,000 miles of travel alone cost Bangash thousands of dollars. Bangash Decl. ¶¶ 4-7. There is no evidence that Bangash was either unprepared for the conference or failed to participate fully during negotiations. And as Plaintiffs acknowledge in their motion, "the parties made progress toward settlement" and "gotten within sight of the finish line" at each of the four court-ordered settlement conferences. Pls. Br. at 9.

---

[1] Rule 16 permits a district court to issue orders regarding pretrial conferences for the purpose of facilitating settlement, as well as impose sanctions against a party who fails to participate in good faith at a pretrial conference. Fed. R. Civ. P. 16(a)(5), (f)(1)(B).

5

Based on the evidence in front of it, the Court is unable to infer a lack of good faith on behalf of Bangash during the February 22 settlement conference to warrant sanctions.

## B. Defendants' Motion to Strike and for Sanctions

Relying on the comment to Local Rule 5.1, Defendants first seek to strike Plaintiffs' motion because it discussed confidential settlement terms in violation of Local Rule 16.3(d). Defs. Br. at 2, 6. Local Rule 16.3(d) states:

> Communications in ADR proceedings are confidential. They are not subject to discovery, are not admissible in a proceeding, and may not be disclosed to anyone other than the ADR participants unless the court permits disclosure. No party may compel a mediator to produce documents that relate to, or testify to matters discussed during, ADR proceedings except on order of the court.

E.D. Mich. LR 16.3(d). Defendants also request the imposition of attorneys' fees and costs under the Court's inherent sanctions authority for having to draft their motion to strike. Id. (citing Chambers v. NASCO, Inc., 501 U.S. 32, 45-46 (1991)). The Court denies both requests.

First, Defendants' reliance on the comment to Local Rule 5.1 as authority to strike Plaintiffs' motion is mistaken. The comment states that "[a]ttempts to circumvent the LR in any way may be considered an abusive practice which may result in papers being stricken as well as sanctions being imposed under LR 11.1." E.D. Mich. LR 5.1, cmt. (emphasis added). The inclusion of the language "the LR" suggests that the authority to strike concerns attempts to specifically circumvent Local Rule 5.1. Local Rule 5.1, however, sets forth the proper format and other technical requirements for the filing of papers in this district. Because Defendants do not contend that Plaintiffs have circumvented any of the requirements that Local Rule 5.1 specifically addresses (e.g., paper or type size), that rule is not applicable.[2]

---

[2] There is also a similar comment found in Local Rule 7.1. The comment for 7.1 would be superfluous if the comment for 5.1 was to apply to every local rule in this district. And, unlike

Furthermore, federal courts have recognized that, although settlement negotiations are not admissible "to prove or disprove the validity or amount of a disputed claim," they "can be admissible for other purposes, including proving the existence of an agreement." Global Fleet Sales, LLC v. Delunas, 203 F. Supp. 3d 789, 819 (E.D. Mich. 2016); cf. Goodyear Tire & Rubber Co. v. Chiles Power Supply, Inc., 332 F.3d 976, 979 (6th Cir. 2003) ("Rule 408 of the Federal Rules of Evidence provides that evidence of conduct or statements made in compromise negotiations is not admissible. However, Rule 408 does not require exclusion when the evidence is offer for another purpose, such as proving bias or prejudice of a witness, negativing a contention of undue delay, or proving an effort to obstruct a criminal investigation or prosecution."). It is clear that Plaintiffs' motion's inclusion of settlement negotiation terms was only offered as an attempt to prove the existence and terms of the purported settlement agreement itself.

Second, regarding Defendants' request for attorneys' fees and costs, this Court has the inherent authority to sanction bad-faith conduct, as well as conduct that is tantamount to bad faith. Metz v. Unizan Bank, 655 F.3d 485, 489 (6th Cir. 2011) (citing Chambers v. NASCO, Inc., 501 U.S. 32, 45-46 (1991); Ry. Express, Inc. v. Piper, 447 U.S. 752, 767 (1980)); see also First Bank of Marietta v. Hartford Underwriters Ins. Co., 307 F.3d 501, 511-512 (6th Cir. 2002). Bad faith, in turn, is associated with conduct that is intentional or reckless. See Schafer v. City of Defiance Police Dep't, 529 F.3d 731, 737 (6th Cir. 2008); United States v. Wheeler, 154 F. Supp. 2d 1075, 1078 (E.D. Mich. 2001); accord Long v. Steepro, 213 F.3d 983, 987 (7th Cir. 2000). However, Defendants have neither presented sufficient evidence from which this Court

---

Local Rules 5.1 and 7.1, Local Rule 16.3 does not contain a comment that a document circumventing that rule may be stricken.

can conclude that Plaintiffs' acted in bad faith, nor do Defendants contend that Plaintiffs' conduct was either intentional or reckless.

### III. CONCLUSION

For the reasons stated above, the Court denies Plaintiffs' motion to enforce a settlement agreement or, in the alternative, for sanctions (Dkt. 84), and denies Defendants' motion to strike Plaintiffs' motion and for sanctions (Dkt. 87).

SO ORDERED.

Dated: July 11, 2017　　　　　　　　　　　　　s/Mark A. Goldsmith
　Detroit, Michigan　　　　　　　　　　　　　MARK A. GOLDSMITH
　　　　　　　　　　　　　　　　　　　　　　United States District Judge

### CERTIFICATE OF SERVICE

The undersigned certifies that the foregoing document was served upon counsel of record and any unrepresented parties via the Court's ECF System to their respective email or First Class U.S. mail addresses disclosed on the Notice of Electronic Filing on July 11, 2017.

　　　　　　　　　　　　　　　　　　　　　　s/Karri Sandusky
　　　　　　　　　　　　　　　　　　　　　　Case Manager