UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

A. NISAR AKBAR, et al.,

    Plaintiffs,

v.                                    Case No.: 2:15-cv-12688

SHAUKAT BANGASH, et al.,        Honorable Mark A. Goldsmith
                                                    Magistrate Michael J. Hluchaniuk

    Defendants.
_____/

## PLAINTIFFS' MOTION TO COMPEL ANSWERS TO DISCOVERY

Plaintiffs, by their counsel, Hammoud, Dakhlallah & Associates, PLLC hereby move this Court pursuant to Fed. R. Civ. P. 37 to compel Defendants Shaukat Bangash, Shafqat Bangash and QIH to:

1. Provide complete and signed supplementary responses to Plaintiffs' First Set of Discovery Requests;

2. Provide complete and signed supplementary responses to Plaintiffs' Second Set of Request to Produce;

3. Provide complete and signed supplementary responses to Plaintiffs' Third Set of Requests to Produce;

In addition, for the Court to enter and Order:

4. Extend the date for Plaintiffs' expert witnesses to produce their reports by 90 days; and

i

5. Extend Fact Discovery Cutoff by 90 days.

This motion is supported by the accompanying brief in support, which is incorporated herein by reference. Pursuant to Rule 37(a)(1) and Local Rule 7.1(a), counsel for Plaintiffs attempted to obtain concurrence from counsel for Defendants with respect to the relief requested in this motion. Defendants' counsel has failed to concur with the relief requested, and at least three days have passed since the request for concurrence was made.

LOCAL RULE CERTIFICATION: I, Kassem M. Dakhlallah, certify that this document complies with Local Rule 5.1(a), including: double-spaced (except for quoted materials and footnotes); at least one-inch margins on the top, sides, and bottom; consecutive page numbering; and type size of all text and footnotes that is no smaller than 10-1/2 characters per inch (for non-proportional fonts) or 14 point (for proportional fonts). I also certify that it is the appropriate length. Local Rule 7.1(d)(3).

                                                Respectfully submitted,

                                                HAMMOUD, DAKHLALLAH
                                                & ASSOCIATES, PLLC

                                                /s/ Kassem M. Dakhlallah_____
                                                Kassem Dakhlallah (P70842)
                                                Co-Counsel for Plaintiffs
                                                6050 Greenfield Rd., Ste., 201
                                                Dearborn, MI 48126
                                                Ph.: (313) 551-3038
Dated: January 4, 2018                        kd@hdalawgroup.com

UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

A. NISAR AKBAR, et al.,

    Plaintiffs,

v.                                                                  Case No.: 2:15-cv-12688

SHAUKAT BANGASH, et al.,                    Honorable Mark A. Goldsmith
                                                       Magistrate Michael J. Hluchaniuk

    Defendants.

_____/

# BRIEF IN SUPPORT OF PLAINTIFFS' MOTION TO COMPEL
# RESPONSES TO DISCOVERY

iii

## CONCISE STATEMENT OF ISSUES PRESENTED

**Question 1:** Should the Court compel Defendants Shaukat Bangash, Shafqat Bangash and Global Health ("QIH") to:

1. Provide complete and signed supplementary responses to Plaintiffs' First Set of Discovery Requests;

2. Provide complete and signed supplementary responses to Plaintiffs' Second Set of Request to Produce; and

3. Provide complete and signed supplementary responses to Plaintiffs' Third Set of Requests to Produce.

**PLAINTIFFS' ANSWER: YES.**

**Question 2:** Should the Court:

1. Extend the date for Plaintiffs' expert witnesses to produce their reports by 90 days; and

2. Extend Fact Discovery Cutoff by 90 days.

**PLAINTIFFS' ANSWER: YES.**

## CONTROLLING OR MOST APPLICABLE AUTHORITY

Fed. R. Civ. P. 37

## BACKGROUND

Plaintiffs initiated this case against Defendants for violations of State and Federal Securities Law, Breach of Contract, Fraudulent Misrepresentation, Innocent Misrepresentation, Statutory and Common Law Conversion, Equitable Accounting, Imposition of Constructive Trust and Unjust Enrichment. Plaintiffs' claims stem from Defendants' solicitation and theft of investment monies that were required to be used to build QIH, a hospital in Pakistan. The investors were promised to be partners in the hospital, that investment monies would be used to build and run QIH, with no loans to be taken out. Instead, Defendants, led by Shaukat Bangash, pocketed most of the investment money, building QIH with either a small portion of the investment money, or by taking out loans to finance the building of the hospital.

Plaintiffs' have submitted several requests for production of documents that have gone unanswered by Defendants. Specifically, Plaintiffs seek documents pertaining to **all** investors' names and amounts invested in the hospital, hospital rooms and hotel rooms. (Interrogatory Nos. 4, Requests for Production Nos. 12, 13, 19, 24, 41, 42). Plaintiffs also seek all charges by revenue types, payments received, and accounts receivable by patient. Plaintiffs also seek any reports tracking occupancy of hospital and hotel rooms, room charges, collections, and monthly patient count. (Requests to Produce No. 15).

Plaintiffs also seek the production of a detailed list of all employment compensation to Shaukat and Shafqat Bangash (Request to Produce No. 16), and production of evidence of their monetary investments made in GHS or QIH. (Request to Produce No. 26). Plaintiffs also seek production of evidence of supporting cash, property, or other forms of contribution for every share of GHS issued in the name of Defendants Shaukat and Shafqat. (Request to Produce No. 26). Defendants have failed to produce proof of land ownership and ownership transfers for the land upon which QIH is built (Requests for Production No. 31 and Interrogatory No. 15) or any mortgage and statements/payments. (Request for Production Nos. 22 and 23). Defendants further failed to produce copies of all payments and proof of wire transfers from each investor, shareholder, officer and director. (Request for Production No. 36).

Defendants have displayed utter disregard for the Court Rules and this Court by committing a series of discovery abuses. First, Defendants failed to timely respond to Plaintiffs' First Set of Discovery on July 6, 2017, despite being granted a 14-day extension. Second, the responses submitted on July 28, 2017 (over three weeks past the extended deadline) were merely objections, without any answers or responsive documents. Third, Defendants' recently-submitted supplement to responses were incomplete and non-responsive as to nearly all requests. Defendants did not produce any documents until August 3, 2017, which were woefully

incomplete, failing to include the most pertinent documents to this case. **Ex. A.** *Defendants' Responses to Plaintiffs' First Set of Discovery Requests.*

Fourth, Defendants' Responses to Plaintiffs' Second Set of Requests for Production of Documents were woefully incomplete, failing to include full and complete financial and investment records. **Ex. B.** *Defendants' Responses to Plaintiffs' Second Request for Production of Documents*. Sixth, Defendants' Responses to Plaintiffs' Third Set of Requests for Production of Documents failed to include any responsive documents. **Ex. C.** *Defendants' Responses to Plaintiffs' Third Request for Production of Documents.*

On August 15, 2017, Plaintiffs' filed their Motion for Sanctions and to Compel Responses to Discovery. Doc # 98. The Court issued an Order requiring parties to seek leave prior to filing any non-dispositive motions, Doc. # 100, and notice a conference to address the parties' discovery dispute scheduled for September 28, 2017. Defendants submitted thousands of pages of documents soon before the September 28, 2017. Therefore, the Court adjourned the conference to allow Plaintiffs the time to review the recent production. Defendants' latest production once again fails to provide pertinent and essential information relevant to this case. The parties complied a joint discovery memorandum for the Court to consider in evaluating each outstanding discovery request. **Ex. D.** *Joint Discovery*

*Memorandum.* The parties have had several conference with the Court, none of which were enough to get Defendants to produce the critical discovery.

As with the money that Defendants stole from the Plaintiffs, Defendants fully intend on hiding the information and the documents that Plaintiffs are entitled to receive in discovery. Furthermore, Plaintiffs' Expert Report is set to be due on January 27, 2018. Plaintiffs' experts cannot complete their reports without the documents withheld by Defendants.

Plaintiffs, on the other hand, timely submitted full and complete responses to Defendants' Discovery Requests on May 11, 2017. As such, Defendants were able to depose all of the 11 Plaintiffs. The Plaintiffs, however, have been unable to conduct any depositions without Defendants first producing them in discovery.

For these reasons, Plaintiffs move the Court to enter an Order compelling Defendants to submit full and complete responses to Plaintiffs' First, Second and Third Sets of Discovery Requests within seven (7) days from entry of said Order, and to extend Plaintiffs' Expert Witness Reports and Fact Discovery Cutoff deadlines by 90 days.

## **ARGUMENT**

Under Fed. R. Civ. P. 37(a), a party may seek a court order to compel answers to discovery requests and interrogatories directed at another party. Under Rules 33 and 34, responses and/or objections to document requests and interrogatories are due

30 days after receipt. Fed. R. Civ. P. 33(b)(2) & 34(b)(2)(a). "If a court grants a Rule 37 motion to compel, or if discovery is received after a Rule 37 motion is filed, then the court must award reasonable expenses and attorney's fees to the successful part, unless the successful party did not confer in good faith before the motion, the opposing party's position was substantially justified, or other circumstances would make an award unjust. *Pi Innovo, LLC v Advanced Green Innovations, LLC,* No. 14-14818, 2016 WL 193383, *2 (ED Mich Jan. 15, 2016) (unpublished) (citing Fed. R. Civ. P. 37(a)(5)(A)).

Interrogatories seeking the names and financial information of investors are relevant to claims of fraud, and therefore should be granted. Connecticut Gen Life Ins Co v Advanced Surgery Ctr of Bethesda, LLC, No. CV DKC 14-2376, 2016 WL 7115952, at *4 (D Md December 7, 2016).

As explained above, Defendants have failed to provide complete answers to the submitted discovery requests. Pursuant to Rule 37, Plaintiffs request that the Court Order Defendants to respond accordingly.

## **CONCLUSION**

For the foregoing reasons, Plaintiffs' request that the Court grant their Motion to Compel requiring Defendants to:

1. Provide complete and signed supplementary responses to Plaintiffs' First Set of Discovery Requests;

5

2. Provide complete and signed supplementary responses to Plaintiffs' Second Set of Request to Produce; and

3. Provide complete and signed supplementary responses to Plaintiffs' Third Set of Requests to Produce.

Plaintiffs' further seek an Order:

4. Extend the date for Plaintiffs' expert witnesses to produce their reports by 90 days;

5. Extend Fact Discovery Cutoff by 90 days; and

6. An award of all reasonable costs and attorney fees incurred in brining this motion pursuant to Fed. R. Civ. P. 37(a)(5).

                                                Respectfully submitted,

                                                HAMMOUD, DAKHLALLAH
                                                & ASSOCIATES, PLLC

                                                By: *Kassem M. Dakhlallah*_____
                                                Kassem M. Dakhlallah (P70842)
                                                Attorney for Plaintiffs
                                                6050 Greenfield Rd., Ste., 201
Dated: January 4, 2018                    Dearborn, MI 48124

## CERTIFICATE OF SERVICE

     I certify that on January 4, 2018, I filed a copy of the foregoing with the Clerk of the Court using the electronic filing system which will send electronic notification of this filing to all parties.

                                                */s/ Mohamed A. Nehme*
                                                Mohamed A. Nehme, Esq.,

Associate Attorney